AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means        ☑ Original        ❑ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana



| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )  Case No.  1:25-mj-285-TAB |
| The Premises at 13461 Shakamac Drive, Carmel, | ) |
| Indiana 46032 and Described in Attachment A-6 | ) |
| | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Southern_____ District of _____Indiana_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-6, which is incorporated by reference.


I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-6, which is incorporated by reference.


**YOU ARE COMMANDED** to execute this warrant on or before _____April 4, 2025_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ❑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____any Criminal Duty Magistrate Judge____ .
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for ____ days *(not to exceed 30)*    ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:     3/21/2025 @ 2:45 p.m.

City and state:    Indianapolis, IN

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  1:25-mj-285-TAB | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A-6**
**Property to be Searched**

The property to be searched is a two-story single-family dwelling located at 13461

Shakamac Drive, Carmel, Indiana 46032 (the "Carmel Residence"). The Carmel Residence is on

the east side of Shakamac Drive and has white siding, white trim, and a brown shingled roof.

The property to be searched includes any safes or other closed or locked containers, as

well as any vehicles, trailers, garages, or outbuildings.

A photograph of the Carmel Residence is included below.



**ATTACHMENT B-6**
**Particular Items to be Seized**

1.     All records relating to violations of 18 U.S.C. §§ 1001 (False Statements), 666 (Theft or Bribery Concerning Programs Receiving Federal Funds), and 1343 (Wire Fraud) (collectively, the "Subject Offenses") involving Xiaofeng WANG including, but not limited to:

    a.     Grant and/or funding applications (including drafts) and/or awards or rejection notices;

    b.     All submissions to the National Science Foundation ("NSF") including applications, awards, annual updates, and final annual updates;

    c.     Travel documents including but not limited to itineraries, tickets, and receipts;

    d.     Visa applications and supporting documents and applications to adjust one's immigration status in the United States with supporting documents;

    e.     Financial records;

    f.     Correspondence and communications about any of the foregoing and/or about research (including research collaborations), grant or funding applications and the receipt thereof, travel, and immigration;

    g.     Evidence of any conspiracy, planning, or preparation to commit he Subject Offenses including communications, notes, calendar entries, or other records relating to NSF submissions, grant applications, grant funding, and NSF-required documents;

    h.     Evidence concerning efforts after the fact to conceal evidence of the Subject Offenses including deleting, erasing, concealing, and failing to report or discuss funding sources, affiliations, or collaborators;

i.      Evidence of the state of mind of WANG, e.g., intent, absence of mistake, or evidence of knowledge and experience related to the Subject Offenses, including WANG's knowledge of his duty to accurately disclose his funding sources, affiliations, or collaborators;

j.      Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the Subject Offenses; or (ii) communicated with WANG about matters relating to the Subject Offenses.

2.      All documentation containing WANG's personal identifiers;

3.      All documents and/or objects tending to establish who resides at the Carmel Residence including mail, utility bills, credit card statements, etc.;

4.      Any and all electronic devices that may have been used as a means to commit he Subject Offenses, including:

a.      Cellular telephones, tablets, and personal digital assistants;

b.      Desktop and laptop computers;

c.      Routers, modems, and network equipment; and

d.      Electronic storage devices.

With respect to Item 4, this warrant authorizes the forensic examination of any such devices in order to search and seize the following items:

1.      All records described in Item 1, above;

2.      Evidence of user attribution showing who used, owned, or controlled the devices at the time the things described in this warrant were created, edited, or deleted such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user

profiles, email, email contacts, "chats," instant messaging logs, phone books, photographs, and correspondence;

3.     Evidence indicating how and when the device was accessed or used to determine the chronological context of device access, use, and events relating to the Subject Offenses;

4.     Evidence indicating the device user's state of mind as it relates to the Subject Offenses;

5.     Evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

6.     Evidence of the lack of such malicious software;

7.     Evidence of the attachment to the device of other storage devices or similar containers for electronic evidence;

8.     Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

9.     Evidence of the times the device was used;

10.     Passwords, encryption keys, and other access devices that may be necessary to access the device;

11.     Documentation and manuals that may be necessary to access the device or to conduct a forensic examination of the device;

12.     Records or information about Internet Protocol addresses used by the device (including port numbers);

13.     Records or information about the device's internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorited" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

14.     All location history associated with the device including GPS system points, vehicle navigation, and any other location data;

15.     Call logs relating to communications concerning the Subject Offenses;

16.     Text messages (including any photographs or media exchanged) concerning the Subject Offenses;

17.     Email and/or chat messages concerning the Subject Offenses; and

18.     Photographs and/or videos concerning the Subject Offenses.

**This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any Government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the Government and their support staff for their independent review.**

Definitions

1.     "Records" and "information" includes all forms of physical records, communications, data, or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

2.     "Computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions,

including desktop computers, notebook or laptop computers, mobile phones, tablets, server computers, and network hardware.

       3.     "Storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, thumb drives, flash drives, and other magnetic or optical media.